GUILLERMETY *v.* DÍAZ & PARDO.

PETITION for rehearing

No. 306.—Decided February 17, 1909.

REHEARING—INSUFFICIENT GROUNDS.—When a petition for a rehearing does not state sufficient grounds to warrant a rehearing of the case, the petition must be dismissed.

The facts are stated in the opinion.

*Mr. Sarmiento* for petitioner.

The adverse party did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

We have examined the motion of the appellant for a reconsideration of the judgment rendered by this court on December 10 last, and we do not find that the grounds alleged in support thereof, considered in relation with the opinion of this

court upon which such judgment is based, warrant its reconsideration.

Section 193 of the Code of Civil Procedure, alleged to have been violated, has been properly applied, because the judgment was rendered in accordance with the evidence introduced at the trial in relation with the allegations of the complaint and the answer.

It does not matter that we should have failed to make any mention in our opinion of the facts alleged in the amended complaint. We believed it unnecessary, because the judgment appealed from was and is sustained by other fundamental facts which have been duly proved, as a mere perusal of our opinion will show.

It is true that the appellants, neither in their answer to the complaint nor in their brief on appeal, made any allegation whatsoever as to the amount which each partner was to contribute to the partnership and the form in which they should do so; but an examination of the English text of the opinion, which is the original in this case, will show that we stated that the *appellants had shown* that upon the establishment of the firm of Díaz & Pardo, they had agreed that Díaz was to contribute a certain sum of money and Pardo the interest which he had in the establishment of the plaintiff, Guillermety. This affirmation may be found in the testimony of Emilio Díaz, and we accepted that testimony.

The amount of the interest which Pardo contributed to the partnership is of no importance, in view of the findings of the lower court on the evidence, which this Supreme Court accepted. We repeat what we said in that opinion: There is nothing to show that plaintiff was a party to any private understanding between the parties defendant or even of its existence, if any such agreement in fact was made between them.

We thereby held that there was no evidence of the existence of an intermediate contract between the plaintiff and a third person legally different from the plaintiff firm, which

relieved said firm of the obligation of paying the price of the drugs and medicines purchased of the plaintiff.

Nor do the documents presented at the trial by the defendants constitute any evidence of the fact that Lorenzo Pardo was exclusively bound to pay for the goods delivered by Guillermety to the defendant firm, because Guillermety in acknowledging these documents at the trial, expressly explained that they referred to Lorenzo Pardo, as the manager of the firm of Díaz & Pardo, with which explanation, and even without it, the provisions of the act regulating the introduction of evidence and of the Civil Code, invoked in their defense by the petitioners, cannot be considered to have been violated.

For the reasons stated, the motion of the appellants of December 23 of last year for a reconsideration of the judgment rendered by this court on the 10th of said month of December, should be denied.

*Dismissed.*

Justices Figueras, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.